United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11133
Summary Calendar

_____

SABRINA HIRST,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CV-102-C
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sabrina Hirst appeals the district court's dismissal of her

42 U.S.C. § 405(g) lawsuit seeking review of the Commissioner of

Social Security's final administrative decision denying her Title

II disability insurance benefits.  Hirst argues in part that the

Administrative Law Judge (ALJ) failed to consider and address

whether she had the ability to sustain and maintain employment in

light of the evidence that her impairments and treatments would

cause her to be absent from work for more than three days a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

month, and in light of other factors such as side-effects of medication, increased pain and activity, good and bad days, adverse reaction to stress, and a need for regular and ongoing chiropractic treatment. Hirst notes that this court's recent opinion in Watson v. Barnhart, 288 F.3d 212, 217 (5th Cir. 2002) requires the ALJ to determine whether a disability claimant is not only capable of obtaining employment but also of maintaining employment over time.

The Commissioner of Social Security has filed a motion requesting that this court reverse her final administrative decision and remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) in light of Watson. The Commissioner states that there is evidence indicating that Hirst's physical impairment of fibromyalgia does impact her ability to maintain employment over time, and the Commissioner requests a remand so that this issue may be specifically considered.

A review of the ALJ's decision shows that he did not consider whether Hirst could maintain employment over time in determining her residual functional capacity or what jobs she could perform, despite the evidence that she would miss three or more days of work a month due to her impairment or treatment. We hereby GRANT the Commissioner's motion, VACATE the judgment of the district court affirming the Commissioner's decision, and REMAND to the district court with instructions to the district

court to reverse the Commissioner's final administrative decision and to remand the case for further administrative proceedings in light of <u>Watson</u>.